UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| PROFESSIONAL TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | 3:06-cv-83-RLY-WGH |
| vs. | ) ) | |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, CONTINENTAL CASUALTY COMPANY, and RSKCO SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS, DEFENDANTS' MOTION TO TRANSFER, AND PLAINTIFF'S MOTION TO STAY ARBITRATION**

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and Title 28 Section 1406(a) of the United States Code, Defendants American Casualty Company of Reading, Pennsylvania ("American"), Continental Casualty Company ("Continental"), and RSKCo Services, Inc. ("RSKCo") (collectively "Defendants") move to dismiss or transfer this case to the Northern District of Illinois. Plaintiff Professional Transportation, Inc. ("Plaintiff") moves to stay the arbitration proceedings that RSKCo has initiated with the American Arbitration Association ("AAA"). For the reasons set forth below, the court **GRANTS** Defendants' motion to transfer, **DENIES** Defendants' motion to dismiss as moot, and **DENIES** Plaintiff's motion to stay arbitration because this court is not the

1

proper forum to rule on the parties' arbitration-related motions.

**I.     Introduction**

This dispute arises out of a series of agreements entered into between Plaintiff and RSKCo and Plaintiff and American and Continental (collectively "CNA"). Plaintiff is a citizen of Indiana, and Defendants are citizens of Illinois. (Complaint ¶¶ 1–4). Plaintiff contracted with American to provide its worker's compensation and employer's liability insurance coverage from April 2002 to April 2003. (*Id*. ¶ 5). During this same period, Plaintiff contracted with Continental to provide its business automobile insurance coverage. (*Id*. ¶ 6). Plaintiff and CNA had a Finance Agreement, which set forth the maximum amount of losses Plaintiff was required to pay under its insurance policies with CNA. (*Id*. ¶ 10). RSKCo, as a subsidiary of CNA, provided claims services to Plaintiff, as set forth in their Claims Services Agreement ("Claims Agreement"). (*Id*. ¶¶ 11, 12).

The current dispute stems from an outstanding balance Plaintiff allegedly owes CNA. (Complaint Ex. E "Ex. E"). Although the parties' briefs are unclear, the balance appears to be the result of a disputed relationship between amounts Plaintiff paid to RSKCo pursuant to the Claims Agreement and those paid to CNA pursuant to the Finance Agreement (Complaint ¶¶ 15–16; Ex. E). Plaintiff claims that amounts paid to RSKCo under the Claims Agreement apply to the maximum losses under CNA's Finance Agreement, and as such, it has reached the maximum amount it is required to pay CNA. (Complaint ¶ 15). CNA, on the other hand, argues that the Claims Agreement and Finance Agreement are two completely separate agreements, and losses paid to RSKCo

under the Claims Agreement do not apply to the maximum losses Plaintiff must pay CNA under the Finance Agreement. (*Id.* ¶ 16; Ex. E). As a result, Plaintiff has not reached the maximum incurred loss amount set forth in the Finance Agreement and, thus, still owes CNA money. (*Id.*).

To clarify the interplay between these two agreements, Plaintiff filed its Complaint for Declaratory Judgment on April 16, 2006, in Vanderburgh Superior Court. Defendants removed the case to this court on May 16, 2006. While the litigation in this court was pending, RSKCo filed a demand for arbitration with the AAA, pursuant to an arbitration clause in the Claims Agreeement, which provides for arbitration of any disputes "relative to" the Claims Agreement. (Claims Agreement, Defendants' Motion to Transfer Ex. A at 5–6). Pursuant to the Claims Agreement, arbitration is to take place in Chicago, Illinois. (*Id.* at 6).

On July 7, 2006, Defendants filed their motion to dismiss, and, on August 14, 2006, their motion to transfer now before the court on the basis that the Northern District of Illinois, the district where the arbitration is to take place, is the only proper venue. Plaintiff filed its motion to stay arbitration on August 4, 2006. In addition, although it did not file a motion to remand, Plaintiff asserts that removal to this court was improper because there is not complete diversity of citizenship between the parties.

**II.    Diversity of Citizenship and "Direct Actions" under 28 U.S.C. § 1332(c)(1)**

An action brought in state court is removable to a federal district court if the

district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over an action where there is complete diversity of citizenship and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship means that no one plaintiff is a citizen of the same state as any one defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is deemed a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

However, Section 1332(c)(1) sets forth an exception to the traditional corporate citizenship rule: "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . ." 28 U.S.C. § 1332(c)(1). Direct actions under the meaning of Section 1332(c)(1) are actions brought by an injured party directly against a tortfeasor's insurance company, rather than against the tortfeasor himself. *Davis v. Carey*, 149 F. Supp. 2d 593, 597–601 (S.D. Ind. 2001).

The present case does not fit within the meaning of "direct action" in § 1332(c)(1), so as to deem CNA a citizen of Indiana and defeat diversity of citizenship. This is not a case where an injured party has forgone suing the insured in favor of suing the insurer. Rather, this is a simple contract interpretation case involving an insurance contract. Not every case brought against an insurance company is a direct action. Because the court finds that this is a case of contract interpretation and not a "direct action," the typical

diversity of citizenship rules apply. Plaintiff is a citizen of Indiana, and Defendants are citizens of Illinois. Therefore, complete diversity of citizenship exists, and this action is properly before the district court.

### III. Discussion of Motions to Dismiss, Transfer, and Stay Arbitration

The Federal Arbitration Act ("FAA"), which governs arbitration agreements involving interstate commerce, is the applicable law in this case, as undisputed by the parties. *See* 9 U.S.C. §§ 1–2. Section 4 of the FAA states in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . . *The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.*

9 U.S.C. § 4 (emphasis added). The venue directive of Section 4 is mandatory and has been interpreted to require "a geographic link between the site of the arbitration and the district which, by compelling arbitration or directing its scope, exercises preliminary control." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995).

Section 4 applies to procedures both to compel and those to enjoin arbitration. *UAL Corp. v. Mesa Airlines, Inc.*, 88 F. Supp. 2d 910, 913 (N.D. Ill. 2000). In addition, issues such as deciding whether an arbitration provision applies to a certain party or whether it applies to a dispute at all fall under the umbrella of an arbitration provision's scope, validity, and enforceability. *See Viets v. Arthur Andersen LLP*, No. 1:03-cv-0682-

5

DFH, 2003 WL 21525062, at *4 (S.D. Ind. June 26, 2003).

Plaintiff argues that this case should not be transferred to the Northern District of Illinois in Chicago, where RSKCo has filed arbitration proceedings pursuant to the Claims Agreement, because the Claims Agreement has nothing to do with the dispute between Plaintiff and CNA.  It argues that the dispute in this case is about its alleged outstanding balance with CNA; the Finance Agreement with CNA does not have an arbitration provision; RSKCo does not have a pivotal role in this controversy; and thus, the arbitration provision in the Claims Agreement with RSKCo has no bearing on this case.

However, Plaintiff's complaint itself identifies the importance of the Claims Agreement in this case.

> 15. CNA claims that losses paid to RSKCo, under the Claim Services Agreement . . . do not apply as losses deducted from the Maximum Incurred Losses by PTI pursuant to paragraph 5 of the Finance Agreement . . . which maximum incurred losses are capped at $2,781,400.
> 16. PTI, however, claims that payments made to RSKCo pursuant to the Claims Services Agreement should be applied to the Maximum Incurred Losses set forth in paragraph 5 of the Finance Agreement.

(Complaint ¶¶ 15–16).  Contrary to Plaintiff's assertion, the Claims Agreement has a central role in this dispute.  Plaintiff filed this action to have the court determine the relationship between the Claims Agreement and Finance Agreement.  Plaintiff cannot now argue that the Claims Agreement plays no role here simply because it may subject them to arbitration in Chicago.

There is a legitimate dispute in this case as to whether the arbitration provision of the Claims Agreement applies in this case.  However, pursuant to Section 4 of the FAA, this court is not the correct forum to decide whether arbitration is proper.  The Northern District of Illinois, which encompasses the city of Chicago, is the proper venue to rule on the scope of the arbitration provision and, thus Plaintiff's motion to stay arbitration, because pursuant to the Claims Agreement, the arbitration demand has been filed in Chicago.  Accordingly, the court **DENIES** Plaintiff's motion to stay arbitration, as this court is the improper venue to consider its merits.

The next issue this court must decide, upon finding that venue in the Southern District of Indiana is improper, is whether this action should be transferred or dismissed pursuant to 28 U.S.C. § 1406(a).  Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Transfer is favored over dismissal.  15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (2d ed. 1986).  However, dismissal may be proper to remedy abuse of the transfer provisions.  *Id.*

In this case, there is no evidence of abuse of the transfer provision.  If the disputed arbitration clause were not at issue in this action, the Southern District of Indiana would otherwise be a proper venue.  RSKCo has already filed its arbitration demand in Chicago.  That said, the interests of judicial economy warrant the transfer of this case to the

Northern District of Illinois.

Accordingly, the court **GRANTS** Defendants' motion to transfer and **DENIES** Defendants' motion to dismiss as moot.

## IV.     Conclusion

For the reasons set forth above, the court **DENIES** Plaintiff's motion to stay arbitration (Document # 32), **GRANTS** Defendants' motion to transfer this case to the Northern District of Illinois (Document # 37), and **DENIES** Defendants motion to dismiss (Document # 23) as moot.

**It is so ordered** this 3rd day of January 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Michael G. Bruton
ROSS DIXON & BELL LLP
mbruton@rdblaw.com

Stephanie L. Haas
ROSS DIXON & BELL, LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603-5758

Jeffrey W. Henning
RUDOLPH FINE PORTER & JOHNSON, LLP
jwh@rfpj.com

Keith E. Rounder
BOWERS HARRISON, LLP
ker@bowersharrison.com

Paul J. Wallace
BOWERS HARRISON, LLP
pjw@bowersharrison.com